1 **Marshall Meyers (020584)**
2 **WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
3 **Phoenix, AZ 85012**
**602 445 9819**
4 **866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
5 **Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Dittrich, ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. ) | |
| ) | |
| Sentinel Financial, L.L.C., and Reneer & ) | |
| Associates, ) | |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d).

## III. PARTIES

3. Plaintiff, William Dittrich, is a natural person residing in Maricopa County.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), in that William Dittrich is a natural person, obligated or allegedly obligated to pay a "debt," as defined

by 15 U.S.C. § 1692a(5), which arose from the use of a personal credit account for purchases primarily for personal, family, or household purchases.

5. Defendant, Sentinel Financial, L.L.C. is a Utah limited liability company, engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant Reneer & Associates, is a law firm, licensed to practice law in Utah, engaged in the business of collecting debts by the use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a (6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a) (5).

## IV. FACTUAL ALLEGATIONS

8. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendants contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendants' conduct violated the FDCPA in multiple ways, including but not limited to:

    a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including engaging in third party debt collection within the State of Arizona without the requisite valid license under Ariz. Rev. Stat. §§ 32-1000, *et seq.* (15 U.S.C. § 1692f.) Any person desiring to conduct debt collection business in Arizona must fulfill the licensing requirements of either §32-1021 or its out-of-state-collector equivalent, §32-1024. Debt collectors licensed in Arizona under either provision have a statutory duty to act fairly and honestly toward debtors. Ariz. Rev. Stat. §32-1051(3). By explicitly requiring all debt collectors to be licensed, and subsequently imposing a duty of fairness upon them, Arizona has

placed a high premium on fairness and honest dealing, above and beyond the prohibition in §1692f of the FDCPA. Defendant Sentinel Financial L.L.C. violated Arizona's licensing statutes by failing to obtain a license, and further, by failing in its duty to act fairly and honestly under Arizona law, which includes and transcends the general prohibition of unfair and unconscionable means under 15 U.S.C. § 1692f;

      b)     Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including filing a lawsuit against Plaintiff when the applicable statute of limitations has expired. (15 U.S.C. § 1692f). Under Ariz. Rev. Stat. § 12-548, the statute of limitations applicable to this debt expires six (6) years after the cause of action accrues. The date of Plaintiff's last payment, and therefore the date that the cause of action accrued on the debt, was October, 2002. The date of filing of the collection lawsuit was April 22, 2009, more than six (6) years later. (See complaint, #CC2009244810, attached as Exhibit "A.") This violation applies only to Defendant Sentinel Financial L.L.C., except to the extent that Defendant Reneer & Associates is or may be the attorney of record for the lawsuit against Plaintiff (§ 1692f);

      c)     Using false, deceptive, or misleading representations or means in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e), including but not limited to, the false representation of the character, amount, or legal status of any debt (§ 1692e (2) (A)), the threat to take any action that cannot be legally taken (§ 1692e (5)), and the use of any false representation or deceptive means to collect any debt (§ 1692e (10)). Plaintiff contacted Defendant Reneer & Associates to express his concern that the alleged debt sued upon by Defendant Sentinel Financial L.L.C. was outside the limitations period for collection. Defendant Reneer & Associates responded with a letter dated November 9, 2009, attached hereto

as Exhibit "B."  In that letter, Defendant Reneer & Associates made two clearly inconsistent statements. First, that the limitations period for collecting on a debt starts at the date of last activity; and second, that the debt sued upon was *not outside* the limitations period. (See Exhibit "B.")  The date of last activity for the alleged debt was October, 2002, the date that Plaintiff last made a payment.  (See Exhibit "C," pertinent portion of Plaintiff's credit report.)  The debt was charged off several months later, but the limitations period began to run on the date that the cause of action *accrued* (October 2002), regardless of what date the original creditor charged it off.  Ariz. Rev. Stat. § 12-548.  The collection lawsuit was filed by Defendant Sentinel Financial L.L.C. more than 6 years after October, 2002, therefore, Defendant Reneer & Associates' inconsistent representations regarding the statute of limitations violated § 1692e.  Additionally, Defendant falsely represented the legal status of the debt, which Defendant knew or should have known was outside the statute of limitations violated § 1692e(2)(A).  Defendant also threatened to take legal action to collect a debt that could not be legally collected in violation of §1692e(5); and used these false representations or deceptive means to attempt to collect a debt in violation of § 1692e (10).

    d) Falsely representing or implying that any individual is an attorney or that any communication is from an attorney. (15 U.S.C. § 1692e (3)).  Defendant Reneer & Associates mailed a letter to Plaintiff, dated November 9, 2009, on letterhead captioned: "Reneer & Associates, Attorneys at Law."  (See Exhibit "B.")  The body of the letter reads, in part:

> If you wish to stand before a judge and make false representation that is your prerogative. We are confident that the courts will rule in our favor and that a judgment will be awarded against you. We have every intention of recuperating the debt owed to our client by every allowable means within our legal rights. . . Please be advised that a judgment awarded will include the full balance, all court costs and attorney fee's now accrued, and any future fee's or costs necessary to see this debt collected.

Complaint - 4

(See Exhibit "B.")

At first glance, Defendant's letter appears to be from an attorney. However, it is signed, "Sincerely, Austin Allred, Office Manager, Reneer & Associates." *Id.* Nonetheless, Mr. Allred discusses in detail taking legal action against Plaintiff, implying that he is an attorney, in violation of 15 U.S.C. § 1692e (3).

  e)  Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, and falsely representing that a legal proceeding has been, or about to be, or will be instituted unless payment of a consumer debt is made (15 U.S.C. § 1692e(5)). Plaintiff received a letter dated November 9, 2009 from Defendant Reneer & Associates, on Defendant's letterhead, wherein Defendant never states that there are no attorneys at their firm that are licensed in Arizona. In addition, the letter details legal action that Defendant intends to take against Plaintiff in Arizona, where Defendants are not licensed to practice, allowing Plaintiff to believe that Defendant was acting as an attorney and/or attorneys where they were not allowed to, in violation of § 1692e(5).

  f)  Failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof. (15 U.S.C. § 1692g (a)). Defendant Reneer & Associates undertook to collect the alleged debt from Plaintiff on behalf of Sentinel Financial L.L.C., and sent Plaintiff a letter discussing the debt in detail. (See Exhibit "B.") However, Defendant Reneer & Associates did not in that letter, nor in any letter within 5 days thereof, disclose to Plaintiff his right to dispute the debt as required by § 1692g(a).

  g)  Communicating with the consumer in connection with the collection of any debt, when the debt collector knows the consumer is represented by an attorney (15 U.S.C. §

Complaint - 5

1692c (a) (2)).  Plaintiff sent notice to Defendants, and each of them, on December 14, 2009, that he was represented by counsel undersigned.  (See Exhibit "D," attached.)

On February 4, 2009, Defendant Sentinel Financial, L.L.C. appeared at a hearing, *in pro per* before the Maricopa County Justice Courts, Maryvale Justice Court, in connection with its collection action against the Plaintiff.  (Case No. CC2009244810).[1]  Leaving the courtroom, Plaintiff was personally and directly contacted by Richard Latimer, President and Owner of Sentinel Financial, L.L.C. Mr. Latimer conversed with Plaintiff for approximately 15 minutes, during which time he offered to dismiss his collection suit against Plaintiff in exchange for an agreement that Plaintiff would forego filing the instant suit on Defendant's violations of the FDCPA.  Mr. Latimer's contact with Plaintiff, more than two months after receiving notice of Plaintiff's representation,  clearly violates 15 U.S.C. § 1692c(a)(2).

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants and each of them, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

---

[1] The February 4, 2009 hearing was ultimately continued by the Justice Court for the reason that Richard Latimer appeared on behalf of the corporation, without an attorney, in violation of Arizona state law.  See *Ramada Inns, Inc. v. Lane & Bird Advertising, Inc*., 102 Ariz. 127, 426 P. 2d 395 (Ariz. 1967) ("Absent statutory authority a corporation cannot practice law even in its own behalf. A corporation cannot appear in court by an officer who is not an attorney, and it cannot appear *in propria persona*.")

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 22nd day of March, 2010.

> By: s/ Marshall Meyers
> Marshall Meyers (020584)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> mmeyers@AttorneysForConsumers.com
> Attorney for Plaintiff